

# FEDERAL PUBLIC DEFENDER
### DISTRICT OF PUERTO RICO

RACHEL BRILL  
*Federal Public Defender*

ANDREW S. MCCUTCHEON  
*First Assistant*

VIVIANNE M. MARRERO-TORRES  
SULAY RÍOS-FUENTES  
FRANCO L. PÉREZ-REDONDO  
EDWIN A. MORA-ROLLAND  
*Supervisory AFPDs*

June 16, 2025

**NOTICE OF SUPPLEMENTAL AUTHORITY**
***UNITED STATES V. CEBALLOS*, NO. 23-1610**

Dear *Ceballos* Panel (c/o Clerk Dubrovsky):

*United States v. Guía-Sendeme*, 134 F.4th 611 (1st Cir. 2025), and its recent progeny, address virtually identical errors, warranting reversal. AB22-AB34; ARB2-ARB8.

***First***, *Guía-Sendeme* crystallized the following four-step framework, informed by *Walker* and *Domínguez-Caicedo*, which the district court didn't have at sentencing:

1. Identify all *likely* offense participants based on relevant conduct.

2. Place participants on a continuum.

3. Identify the "ballpark average" participant.

4. Compare the defendant's role to the average using Amendment 794's five factors.

*Id.* at 617-18. (Steps 2 and 4 incorporated *Walker*. *See id.* at 617.); *see also United States v. Flores-Álvarez*, No. 23-1163, 2025 WL 1369300, at *2 (1st Cir. May 12, 2025); *United States v. Carrión-Cordones & Chávez*, Nos. 23-1798, 23-1805 (1st Cir. June 8, 2025) (granting government remand motion under *Guía-Sendeme*).

***Second***, both *Guía-Sendeme* errors occurred here. *Guía-Sendeme* uncovered Step 1 error in the court's participant-identification work since it refused to look beyond onboard crew where others orchestrated a high-seas drug smuggle. 134 F.4th at 619-23. Likewise, the court here ignored the undisputed role of drug-trafficking organization members. While it recognized drug-traffickers used and exploited Mr. Ceballos, the court mistakenly concluded that the drug quantity trumped offense-participant identification. *See* A58 ("That being said, the law is the law, and the amount of narcotics has an impact because the U.S. government doesn't want drugs to continue to come in because that's what's destroying our society and our youth and all that. So there has to be a balance.").

    Rather than identify all likely participants, the court jumped to the weight of bulk contraband being smuggled. A58. It thus failed to assess the "universe of participants." AB24-AB25; *See I.P. Lund Trading v. Kohler*, 163 F.3d 27, 33 (1st Cir. 1998) (Incorrect-legal-standard-driven findings receive no deference.).

    And, where *Guía-Sendeme* identified Step 4 error when the court evaluated the role factors in isolation, role-factor discussion here never took place: the court didn't compare Mr. Ceballos "to the other participants" or "analyze the *degree* to which each factor applies." 134 F.4th at 623. It conducted none of the four-step analysis. A57-A59. *Guía-Sendeme*'s intervening pronouncement, therefore, requires remand here.

                                      Respectfully,

                                      **RACHEL BRILL**
                                      Federal Public Defender
                                      District of Puerto Rico

                                      **S/FRANCO L. PÉREZ-REDONDO**
                                      Assistant Federal Public Defender
                                      Supervisor, Appellate Division
                                      First Circuit Bar No. 1175955

    **\* CERTIFICATION**: I ECF-filed this Rule 28(j) Letter, notifying the parties, including appellee's counsel. This Letter's body contains 350 words.